UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| REBECCA PRESTWICH,<br><br>       Plaintiff,<br><br>v.<br><br>ROBERT J. SHELBY, ROBERT A. LUND, ADAM D. SPENCER, and BRANDON C. BOWEN,<br><br>       Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE**<br><br>Case No. 1:22-cv-00007<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Rebecca Prestwich, proceeding *in forma pauperis*, filed this action against Robert J. Shelby, Robert A. Lund, Adam D. Spencer, and Brandon C. Bowen. (*See* Compl., Doc. No. 7; Am. Compl., Doc. No. 8.) After identifying deficiencies in Ms. Prestwich's complaint and amended complaint, the court ordered Ms. Prestwich to file a second amended complaint by February 22, 2022. (Order to File Am. Compl., Doc. No. 10.) The court noted failure to file an amended complaint could result in an order or recommendation to dismiss this action. (*Id.*) Ms. Prestwich did not file an amended complaint by the deadline set in the court's order or anytime thereafter.[1]

Ms. Prestwich's pleadings fail to state a claim on which relief may be granted and lack a short and plain statement showing she is entitled to relief. And Ms. Prestwich seeks monetary

---

[1] Ms. Prestwich has filed several other documents comprising hundreds of pages. These include what appear to be records from other cases, text messages, lengthy quotations from case law and statutes, and allegations regarding individuals not named as parties to this case. (*See* Doc. Nos. 11–16.) On February 8, 2022, the court issued an order noting none of these documents appeared to be an amended complaint and reiterating the deadline to amend. (Order Regarding Pending Screening Under 28 U.S.C. § 1915, Doc. No. 17.) Ms. Prestwich has filed no documents since that order was entered.

damages against defendants who are immune from such relief.  Because Ms. Prestwich failed to

comply with the court's order to amend her complaint, further opportunities to amend would be

futile.  Therefore, the undersigned[2] recommends the district judge dismiss this action with

prejudice.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court must

dismiss the case if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In determining whether a complaint fails

to state a claim for relief under section 1915, the court employs the standard for analyzing a

motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "Dismissal of a pro se

complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot

prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."

*Id.* (internal quotation marks omitted).

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a

claim to relief that is plausible on its face."  *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir.

2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  The court accepts as true

well-pleaded factual allegations and views the allegations in the light most favorable to the

plaintiff, drawing all reasonable inferences in the plaintiff's favor.  *Wilson v. Montano*, 715 F.3d

---

[2] On February 10, 2022, this case was reassigned to District Judge David Barlow as the presiding judge and referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 18.)  The following day, the case was reassigned to District Judge Howard C. Nielson, Jr. as the presiding judge.  (Doc. No. 19.)

847, 852 (10th Cir. 2013).  But the court need not accept the plaintiff's conclusory allegations as true.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff must offer specific factual allegations to support each claim."  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).  "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

Because Ms. Prestwich proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall*, 935 F.2d at 1110.  Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants."  *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a

legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Ms. Prestwich submitted her complaint on January 11, 2022, (Doc. No. 2), and submitted an amended complaint a day later, (Doc. No. 4).  Both pleadings were filed on the record on January 25, 2022, after the court granted Ms. Prestwich's motion to proceed *in forma pauperis*. (*See* Compl., Doc. No. 7; Am. Compl., Doc. No. 8; Order Granting Mot. to Proceed in Forma Pauperis, Doc. No. 6.)

As explained in the court's prior order, both Ms. Prestwich's original and amended complaints lack a short and plain statement showing she is entitled to relief.  Her original complaint is fifty pages long, with 221 pages of exhibits attached.  (*See* Compl., Doc. No. 7.) Her amended complaint is twenty-nine pages long.  (*See* Am. Compl., Doc. No. 8.)  Although the long and rambling nature of these documents make her allegations difficult to discern, Ms. Prestwich appears to focus on her dissatisfaction with a Utah state court custody case in which Robert Lund was the judge, Brandon Bowen was the opposing counsel, and Adam Spencer was the guardian ad litem.  (*See* Compl., Doc. No. 7 at 2–5, 12–16; Am. Compl., Doc. No. 8 at 3–7, 14–19.)  Ms. Prestwich alleges Judge Lund, Mr. Bowen, and Mr. Spencer lied about her in court and "facilitated the kidnapping of [her] daughter from [her] custody."  (Compl., Doc. No. 7 at 13–14; Am. Compl., Doc. No. 8 at 7.)  She also alleges Robert Shelby—the Chief Judge of the District of Utah—"failed to uphold the law" when she sent him a criminal complaint and supporting evidence against the other defendants in June 2020, which he "brush[ed] off as frivolous."  (Compl., Doc. No. 7 at 1, 13; Am. Compl., Doc. No. 8 at 1.)  Elsewhere, Ms. Prestwich states Judge Shelby "committed multiple violations in breach of contract," with no

further factual development.  (Am. Compl., Doc. No. 8 at 6.)  Ms. Prestwich asserts claims under

42 U.S.C. §§ 1983, 1985, and 1986, as well as various criminal statutes, and she seeks monetary

damages.  (*See* Compl., Doc. No. 7 at 6, 12, 16; Am. Compl., Doc. No. 8 at 8, 14, 20.)

     Ms. Prestwich's claims against Judge Lund and Judge Shelby are subject to dismissal

under 28 U.S.C. § 1915(e)(2)(B), because they are claims for monetary damages against

defendants who are immune from such relief.  Judges are generally immune from suits for

monetary damages.  *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195

(10th Cir. 2008).  The only exceptions to this rule are "(1) when the act is not taken in [the

judge's] judicial capacity, and (2) when the act, though judicial in nature, [is] taken in the

complete absence of all jurisdiction."  *Id.* (alterations in original) (internal quotation marks

omitted).  Ms. Prestwich challenges the actions Judge Lund took in his judicial capacity in the

custody case.  She does not allege he acted outside his judicial capacity or in the absence of all

jurisdiction.  Likewise, Ms. Prestwich appears to challenge Judge Shelby's legal determination

that her attempt to bring a criminal complaint was frivolous.  Although she also alleges Judge

Shelby committed a "breach of contract," this conclusory statement is insufficient to allege any

act for which an exception to judicial immunity applies.

     Ms. Prestwich also fails to state any plausible claim for relief in either her original

complaint or her amended complaint against the other defendants.  First, to state a claim under

42 U.S.C. § 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting

under color of state law."  *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).  But Ms.

Prestwich does not allege facts sufficient to show Mr. Bowen or Mr. Spencer were state actors or

were "jointly engaged with state officials in the conduct allegedly violating the federal right," as

required to state a claim against private parties under section 1983. *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021).

Ms. Prestwich also fails to state a claim under 42 U.S.C. §§ 1985 and 1986. As relevant to her allegations, section 1985(2) "prohibits any conspiracy to obstruct a state judicial proceeding with the intent to deprive another of equal protection of the laws." *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012). And section 1985(3) prohibits two or more persons from conspiring "for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (discussing conspiracy under § 1983). Further, both these provisions require an allegation of class-based animus to state a claim. *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (addressing section 1985(3)); *Meyers v. E. Okla. Cnty. Tech. Ctr.*, No. CIV-10-1058-F, 2011 U.S. Dist. LEXIS 159055, at *7 (W.D. Okla. Feb. 2, 2011) (unpublished) (addressing section 1985(2)). Ms. Prestwich does not allege an agreement and concerted action among the defendants, nor does she allege they were motivated by class-based animus. And because she fails to state a claim for conspiracy under section 1985, her claim under section 1986 also fails. *See Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979) ("[T]here can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985.").

Finally, Ms. Prestwich purports to bring claims against the defendants under various criminal statutes, including statutes addressing treason, extortion, and fraud. (*See* Compl., Doc. No. 7 at 16; Am. Compl., Doc. No. 8 at 20.) However, criminal statutes "cannot be enforced in a

private civil action." *Gallacher v. Kisner*, No. 2:08-cv-845, 2009 U.S. Dist. LEXIS 68000, at *13 (D. Utah June 25, 2009) (unpublished). Therefore, Ms. Prestwich "lacks standing to assert that a party has violated criminal laws, or to seek criminal prosecution." *Rojas v. Meinster*, No. 19-cv-01896, 2019 U.S. Dist. LEXIS 229829, at *4 (D. Colo. Sept. 10, 2019) (unpublished); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) (finding private individuals cannot compel enforcement of criminal laws). And Ms. Prestwich cannot recover civil damages for the defendants' alleged violation of a criminal statute. *See Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984).

For these reasons, Ms. Prestwich fails to state a plausible claim for relief under Rule 12(b)(6) in either her original complaint or her amended complaint. She also seeks monetary damages against defendants who are immune from such relief. Therefore, this action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Further, Ms. Prestwich's pleadings fail to comport with Rule 8 because they do not provide fair notice to the defendants of the grounds for the claims. Because Ms. Prestwich failed to comply with the court's order to amend her complaint, further opportunities to amend would be futile.

**RECOMMENDATION**

Where Prestwich's pleadings are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action with prejudice. The court will send this Report and Recommendation to Ms. Prestwich, who is notified of her right to object to it. Ms. Prestwich must file any

objection within fourteen (14) days of service. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).

Failure to object may constitute waiver of objections upon subsequent review.

      DATED this 6th day of April, 2022.

                            BY THE COURT:

                            Daphne A. Oberg
                            United States Magistrate Judge